

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1/16/2008

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, N.Y. 10007

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

January 15, 2008

BY HAND DELIVERY
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**APPLICATION GRANTED**
**SO ORDERED**

1/15/08

John G. Koeltl, U.S.D.J.

Re: Daniel Castro v. The City of New York, et. al., 07 CV 11602 (JGK) (GWG)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department. I am writing to respectfully request a 60 day enlargement of time, from January 17, 2008 to March 17, 2008 to interpose an answer on behalf of the City of New York ("City") and for Det. Charlie Benaim ("Det. Benaim"), to answer or otherwise respond to the complaint. This request for an extension is the City's first. Plaintiff's counsel has consented to this request.

       It appears as if the City and Det. Benaim were served with process. However, upon information and belief, defendant Undercover Officer #6813 ("UC 6813") has not yet been served. The extension should allow time for plaintiff to serve defendant UC 6813 with process.

       There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff Daniel Castro alleges that he was falsely arrested for assaulting a police officer. Plaintiff also alleges that he was maliciously prosecuted as all charges against him were allegedly dismissed. Accordingly, it is necessary for defendant City of New York and Det. Benaim to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from his underlying criminal prosecution.

       Before this office can adequately respond to the complaint, we will need to conduct an investigation into service and representation issues as to this officer. The enlargement will allow us to ascertain whether Det. Benaim has been properly served. If service has been

properly effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent them. Det. Benaim must then each decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the City's and Det. Benaim's time to answer or otherwise respond to the complaint be extended until March 17, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Afsaan Saleem (AS 2012)
Senior Counsel
Special Federal Litigation Division


cc:   BY FAX
      Rose M. Weber, Esq.
      225 Broadway, Suite 1607
      New York, NY 10007
      (212) 233-5633