UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL CASTRO,

                       Plaintiff,

           -against-

THE CITY OF NEW YORK, DET. CHARLIE
BENAIM, UNDERCOVER # 6813, and P.O.s JOHN
and JANE DOE #1-10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                       Defendants

------------------------------------------------------------------X

**ANSWER**

07CV11602  (JGK)(GWG)

JURY TRIAL DEMANDED

Defendants City of New York and Detective Charlie Benaim, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.   Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.   Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        5.   Paragraph "5" of the Complaint sets forth a jury demand, of which a response is not required.

6.   Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.   Admit the allegations set forth in paragraph "7" of the Complaint.

8.   Deny the allegations set forth in paragraph "8" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admits that Detective Charlie Benaim was employed by the New York City Police Department.

10. Paragraph "10" of the Complaint contains conclusions of law to which no response is required.

11. Paragraph "11" of the Complaint contains conclusions of law to which no response is required.

12. Paragraph "12" of the Complaint contains conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Admit the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-25" inclusive of this answer, as if fully set forth herein.

26. Paragraph "26" of the Complaint contains conclusions of law to which no response is required.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-34" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-37" inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-52" inclusive of this answer, as if fully set forth herein.

53. Paragraph "53" of the Complaint contains conclusions of law to which no response is required.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-56" inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-60" inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-65" inclusive of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

80. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

81. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

82. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

83. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

84. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

85. There was probable cause for the plaintiff's arrest, detention, and prosecution..

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

86. Plaintiff provoked the incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

87. Plaintiffs claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

88. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

89. Defendant Benaim has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore is protected by qualified immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

90. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

91. At all times relevant to the acts alleged in the complaint, defendant Benaim acted reasonably in the proper and lawful exercise of his discretion.

**AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

92. Defendant Benaim was not personally involved in the allegations set forth in the Complaint.

**AND AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

93. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             March 17, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York

Attorneys for Defendants City of New York,
and Detective Charlie Benaim
100 Church Street
New York, New York 10007
(212) 788-9580


By:    /s/ _____
          Afsaan Saleem
          Senior Counsel


TO:          Rose M. Weber, Esq. (By ECF)

Index No.  07CV11602  (JGK)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL CASTRO,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. CHARLIE
BENAIM, UNDERCOVER # 6813, and P.O.s
JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Afsaan Saleem*
*Tel:  (212) 788-9580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2007..*

*.......................................................................... Esq.*

*Attorney for .............................................................*