```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DANIEL CASTRO,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                                   Defendants.

**STIPULATION AND PROTECTIVE ORDER**

07 Civ. 11602 (JGK)

------------------------------------------------------------------x

        **WHEREAS**, defendants have sought certain documents from plaintiff in discovery in this action, documents that plaintiff deems confidential, and

        **WHEREAS**, plaintiff objects to the production of those documents unless appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for defendants and plaintiff, as follows:

        1.    As used herein, "Confidential Materials" shall mean plaintiff's psychiatric records, except that defendants may petition the Court to review any document that defendants believe should not be designated confidential. Notwithstanding any other provision of this Paragraph, plaintiff's psychiatric records and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) otherwise publicly available or (b) are the subject of public disclosure by plaintiff.

        2.    Defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of defendants' case in this action.

        3.    Defendants' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

b. Disclosure before trial may be made without notice to plaintiff only to defendants, to an expert who has been retained or specially employed by defendants' attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. Should defendants' attorneys wish to disclose Confidential Materials to any other entity, they will provide notice to plaintiff's attorneys, who will have fourteen (14) days to object to such disclosure. Defendants will not disclose Confidential Materials over such objection until the objection is resolved between the parties or by the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorney and a copy shall be furnished to plaintiff's attorneys upon their request.

4. Except for the noted circumstances outlined in 3(a) through (c), disclosure by plaintiff or any of his representatives, including counsel, of such Confidential Materials to any person not a member of the staff of his law office, including, but not limited to, the

media, press or the like, shall result in making this Stipulation and Protective Order null and void.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, at plaintiff's request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If defendants wish to file any paper with the Court that incorporates any Confidential Materials or reveals the contents thereof, defendants' attorneys will provide notice to plaintiff's attorneys, who may then petition the Court to order that such filing be made under seal, provided, however, that a redacted copy shall be filed in the Court's public file.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of plaintiff, the parties may file redacted documents without further order of the Court.

8. In addition, where advance notice is given by defendants and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order.

9. The parties reserve their right to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

10. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall, upon request, be returned to plaintiff's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to plaintiff's attorneys.

Dated: New York, New York
       March 20, 2008

ROSE M. WEBER
Attorney for Plaintiff
225 Broadway, Suite 1607
New York, New York 10007
(212) 748-3355

By: _____
    ROSE M. WEBER (RW 0515)

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-9580

By: _____
    AFSAAN SALEEM (AS 2012)
    Assistant Corporation Counsel
    Special Federal Litigation

SO ORDERED:

_____
JOHN G. KOELTL, U.S.D.J.
4/22/08

*[Handwritten note]: This Order is not binding on the Court or Court personnel. The Court reserves the right to modify this Order at any time. So ordered.*

/s/ J.G. Koeltl
4/22/08  U.S.D.J.

-4-

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Castro v. City of New York, et al.*, 07 Civ. 11602 (JGK), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                              Signature

                                                                     _____
                                                                     Print Name

                                                                     _____
                                                                     Occupation