UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DANIEL CASTRO,

             Plaintiff,   **AMENDED COMPLAINT**

    -against-

THE CITY OF NEW YORK, DET. CHARLIE BENAIM,  07 Civ. 11602 (JGK)
DET. GEORGE MACIAS, DET. ROBERT BRENNAN,
SGT. LUIS PINIERO, DET. JOSE RAMOS, DET. JAMES  **JURY TRIAL DEMANDED**
SOUTH, DET. JAY ROBLES, and P.O.s JOHN and
JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

            Defendants.

------------------------------------------------------------------------X

   Plaintiff DANIEL CASTRO, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

   1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

   2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

   3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DANIEL CASTRO is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants DET. CHARLIE BENAIM, DET. GEORGE MACIAS, DET. ROBERT BRENNAN, SGT. LUIS PINIERO, DET. JOSE RAMOS, DET. JAMES SOUTH, DET. JAY ROBLES, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On May 13, 2006, at approximately 10:00 a.m., plaintiff DANIEL CASTRO was lawfully present on E. 175th Street between Lexington and Park Avenues, in the County, City and State of New York.

14. At aforesaid time and place, plaintiff DANIEL CASTRO was suddenly accosted by members of the New York City Police Department.

15. Defendants threw plaintiff DANIEL CASTRO to the ground, and punched, kicked, and hit him with batons.

16. As a result of this unprovoked assault, plaintiff DANIEL CASTRO sustained, *inter alia*, a fractured ankle and injuries to his chest, face, legs, and arms.

17. Defendants handcuffed plaintiff DANIEL CASTRO and placed him under arrest for assaulting a police officer, despite defendants' knowledge that they lacked probable cause to do so.

18. Plaintiff DANIEL CASTRO was transported to the 25th Precinct of the New York City Police Department, in Manhattan, New York, and from there to Bellevue Hospital, where he was treated for the injuries that defendants had inflicted.

19. From the hospital, plaintiff DANIEL CASTRO was transported to Manhattan Central Booking.

20. Plaintiff DANIEL CASTRO was held and detained in police custody for approximately one week.

21. Defendants initiated criminal proceedings against plaintiff DANIEL CASTRO despite defendants' knowledge that they lacked probable cause to do so.

22. During the period between May 13, 2006 and April 2, 2007, plaintiff DANIEL CASTRO was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

23. On or about April 2, 2007, all charges against plaintiff DANIEL CASTRO were dismissed.

24. As a result of the foregoing, plaintiff DANIEL CASTRO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff DANIEL CASTRO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiff DANIEL CASTRO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff DANIEL CASTRO's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff DANIEL CASTRO's constitutional rights.

36. As a result of the aforementioned conduct of defendants, plaintiff DANIEL CASTRO was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants misrepresented and falsified evidence before the Grand Jury.

42. Defendants did not make a complete and full statement of facts to the Grand Jury.

43. Defendants withheld exculpatory evidence from the Grand Jury.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DANIEL CASTRO.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DANIEL CASTRO.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff DANIEL CASTRO.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DANIEL CASTRO.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff DANIEL CASTRO.

49. Defendants acted with malice in continuing criminal proceedings against plaintiff DANIEL CASTRO.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DANIEL CASTRO's favor on or about April 2, 2007, when all charges against him were dismissed.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants issued legal process to place plaintiff DANIEL CASTRO under arrest.

54. Defendants arrested plaintiff DANIEL CASTRO in order to obtain a collateral objective outside the legitimate ends of the legal process.

55. Defendants acted with intent to do harm to plaintiff DANIEL CASTRO without excuse or justification.

### SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Each and every individual defendant had an affirmative duty to intervene on plaintiff DANIEL CASTRO's behalf to prevent the violation of his constitutional rights.

58. The individual defendants failed to intervene on plaintiff DANIEL CASTRO's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do

so.

59. As a result of the aforementioned conduct of the individual defendants, plaintiff DANIEL CASTRO's constitutional rights were violated and he was subjected to excessive force, false arrest, and malicious prosecution.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants created false evidence against plaintiff DANIEL CASTRO.

62. Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

63. Defendants misled prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

64. In creating and forwarding false information to prosecutors, defendants violated plaintiff DANIEL CASTRO's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants arrested and incarcerated plaintiff DANIEL CASTRO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. wrongfully stopping and detaining minority males based on racial profiling;

   b. arresting minority males without probable cause;

   c. using excessive force on minority males while taking them into custody;

   d. covering up the use of excessive force by charging the individual with resisting arrest and/or assaulting an officer; and

   e. making unlawful arrests in order to satisfy an arrest quota.

70. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651.

71. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DANIEL CASTRO.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DANIEL CASTRO as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DANIEL CASTRO as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DANIEL CASTRO was falsely arrested and maliciously prosecuted.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DANIEL CASTRO.

77.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DANIEL CASTRO's constitutional rights.

78.     All of the foregoing acts by defendants deprived plaintiff DANIEL CASTRO of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from seizure and arrest not based upon probable cause;

    C.     Not to have excessive force imposed upon him;

    D.     To be free from unwarranted and malicious criminal prosecution;

    E.     To be free from malicious abuse of process;

    F.     Not to have cruel and unusual punishment imposed upon him; and

    G.     To receive equal protection under the law.

79.     As a result of the foregoing, plaintiff DANIEL CASTRO is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff DANIEL CASTRO demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           June 9, 2008

                                                            /s/
                                        ROSE M. WEBER (RW 0515)
                                        225 Broadway, Suite 1607
                                        New York, NY 10007
                                        (212) 748-3355